IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KAREN LOUISE CARTER, *an individual on behalf of herself and others similarly situated,* | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:10-cv-01155-JDB-egb |
| v. | ) ) ) | |
| JACKSON-MADISON CO. HOSPITAL DIST., *doing business as West Tennessee Healthcare,* | ) ) ) ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT SUPERVISED NOTICE UNDER THE FLSA**

Before the Court is Plaintiff's Motion for Conditional Certification and Court Supervised Notice under the FLSA ("Motion") [D.E. 4]. Defendant has responded, opposing the Motion, and Plaintiff has filed a Reply. A Sur-Reply was then filed by Defendant. This matter was referred to the Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that Plaintiff's Motion be granted.

Background

The representative plaintiff in this case, Karen Louise Carter, worked for Defendant as an hourly non-exempt employee. The Defendant is the Jackson-Madison County Hospital District, which does business as West Tennessee Healthcare (hereinafter "Defendant").

Defendant owns and operates healthcare facilities throughout West Tennessee. Plaintiff brings this lawsuit under the Fair Labor Standards Act (FLSA) and common law. She alleges that Defendant's routine practice is to automatically deduct a lunch break from hourly employees' time worked, even though these employees regularly are unable to take a full lunch break. The putative class in this case is "all hourly employees of Defendant who work at Defendant's locations and were subject to the Defendant's automatic meal deduction policy." Plaintiff's Motion at 4.

In her Affidavit Plaintiff sets forth the following:

> I live in Medina, Tennessee. I am employed by West Tennessee Healthcare at a facility known as the Jackson-Madison County General Hospital. As an employee of the hospital, I spend my time working on a floor with patient beds. While working on the floor, I have been regularly required to perform compensable work during unpaid "meal breaks West Tennessee Heatlhcare has a computerized time and attendance system that automatically deducts a 30 minute meal period per work shift. It is extremely common for hourly employees to perform compensable work for Defendant during their uncompensated "meal breaks." This occurs for several reasons. First, West Tennessee Healthcare has never explained to me or other employees what constitutes a compensable meal break under the Fair Labor Standards Act. We were not trained that a meal eaten while working was compensable work time. Likewise, we were never trained whether interrupted meal breaks were compensable. Second, the workload and staffing situation simply does not allow for daily meal breaks. This puts employees in a "no win" situation. We are required to take meal breaks, yet we are unable to take them do to workload and staffing. As a result, hourly employees (including me) simply work through our meal breaks or try to eat quick meal while we are performing work. Supervisors are aware of this problem and do not ensure that hourly employees are completely relieved of their work duties during their uncompensated "meal breaks." My co-workers and I are routinely not completely relieved of our job duties during uncompensated "meal breaks." West Tennessee Healthcare does nothing in practice to prohibit employees from working during their "meal breaks" and routinely suffers or

> permits employees to perform such work. In fact, although West Tennessee Healthcare automatically deducts 30 minute meal periods, it expects employees to be available to work throughout our shifts. We are expected to eat without any change in demands from patients or relief by additional staff. We are often required to respond to pages, as well as requests by patients, co-workers and supervisors, during unpaid "meal breaks." West Tennessee Healthcare knows about these issues. In fact, I have complained about staffing and the inability to take a full meal break as a result of these problems.

Plaintiff's Motion, Exhibit C.

## Analysis

*Section 216(b) of the FLSA* provides:

> An Action [under *§ 206*] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216(b)*. Collective actions under the FLSA require putative class members to opt into the class. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009). Also in contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity, commonality, typicality, and representativeness requirements of a traditional *Rule 23* class action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009).

However, the plaintiffs in a FLSA collective action must demonstrate that they are "similarly situated." *29 U.S.C. § 216(b)*; *O'Brien, 575 F.3d at 583.* Under the FLSA, putative class members "whose causes of action under the FLSA accrued at about the time and place and in the approximate manner of the named plaintiff would be similarly situated and can opt into the action." *Miklos v. Golman-Hayden Companies, Inc.,* No. 2:99-CV-1279, 2000 WL

1617969, at *1 (S.D. Ohio, Oct. 24, 2000). In *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the "Supreme Court ... made it clear that the collective action provisions of the FLSA, 29 U.S.C. Section 216(b), authorize a trial court to issue court-supervised notice to potential class members." *Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 251 (M.D. Tenn. 1996). "That power is to be exercised, however, only in 'appropriate cases,' and remains within the discretion of the district court." *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D. Minn. 1991). However, the Supreme Court "gives little guidance on how the district court should proceed in determining whether a case is appropriate for court-authorized notice." *Id.* Furthermore, "the lower courts have not agreed as to the factual showing that must be made by a plaintiff to show who is 'similarly situated' at the notice stage." *Belcher,* 927 F.Supp. at 251. The United States Court of Appeals for the Sixth Circuit has not addressed this issue.

"Some courts hold that a plaintiff can demonstrate that potential class members are 'similarly situated,' for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices." *Belcher,* 927 F.Supp. at 251. *See, e.g., Allen v. Marshall Field & Co.,* 93 F.R.D. 438 (N.E. Ill. 1982). "Other courts hold that a plaintiff meets this burden by demonstrating some factual support for the allegations before issuance of notice." *Belcher,* 927 F.Supp. at 251. *See, e.g., Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D. N.Y. 1995).

When an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a class at the early stages of discovery, before all plaintiffs have received notice, based on representations contained in the pleadings and affidavits of named plaintiffs that the defendant employs a unified policy that has resulted in FLSA

4

violations to all putative class members. *See O'Brien, 575 F.3d at 585-86* (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc., 671 F. Supp. 2d 957, 959, 961* (W.D. Mich. 2009) (Bell, J.) (noting that there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties). At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer, 454 F.3d at 546-47* (quoting *Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591 ,595 (S.D. Ohio 2002)*). Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer, 454 F.3d at 547* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000)*). As explained recently by Judge Mays:

> Several courts have recognized that the named plaintiff's burden at this stage is not a heavy one. *White v. MPW Indus. Servs., 236 F.R.D. 363, 367 (E.D. Tenn. 2006)*; *Swallows v. City of Brentwood, Tenn., 2007 U.S. Dist. LEXIS 61130, 2007 WL 2402735, at *2 (M.D. Tenn. Aug. 20, 2007)*. "[T]he burden of proof is relatively slight at this stage of the case because the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *McDonald v. Madison Township Bd. of Township Trustees, 2007 U.S. Dist. LEXIS 76450, at *6 (S.D. Ohio Oct. 5, 2007)*. At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer, 454 F.3d at 546-47* (quoting *Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio 2002)*). Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer, 454*

*F.3d at 547 (quoting Morisky v. Pub. Serv. Elec. & Gas Co.,111 F. Supp. 2d 493, 497 (D.N.J. 2000)).*

*Frye v. Baptist Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 107139, *12-13, (W.D. Tenn. Sept. 16, 2008)

Here, the Magistrate recommends a finding that Plaintiff has met her burden and that court-authorized notice be given. The representations contained in the pleadings and her Affidavit are that Defendant employs a unified policy that has resulted in FLSA violations to all putative class members. Her Affidavit sets forth that her and other employees routinely are required to work during mandatory uncompensated meal breaks. While Plaintiff's position may not be identical to the positions of the other putative class members, Plaintiff has shown that her position is similar. It is the Magistrate Judge's opinion that Plaintiff's pleadings and Affidavit meet the "relatively slight" burden of proof required at this stage of the proceedings. For these reasons, the Magistrate Judge respectfully recommends that her Motion be granted.

Respectfully submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **December 16, 2010**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**